## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re | Case No. 07- 12057 |
| **BEECHGROVE REDEVELOPMENT, L.L.C.** | Section "A" |
| 946 Beechgrove Boulevard<br>Westwego, LA 70094<br>Tax Id No. xx-xxx9858 | Chapter 11 |
|       Debtor | |
| **Jointly Administered with** | |
| In re | Case No. 07-12058 |
| **BEECHGROVE REDEVELOPMENT<br>PHASE II, L.L.C.** | Section "A"<br>Chapter 11 |
| 901 Beechgrove Boulevard<br>Westwego, LA 70094<br>Tax Id No. xx-xxx8597 | |
|       Debtor. | |

**REASONS FOR FINAL ORDER GRANTING MOTION
OF DEBTORS FOR INTERIM AND
FINAL ORDERS (A) AUTHORIZING THE USE OF CASH COLLATERAL
PURSUANT TO SECTION 363(C) OF THE
BANKRUPTCY CODE; AND (B) SCHEDULING A FINAL HEARING
PURSUANT TO BANKRUPTCY RULE 4001 AS TO USE OF
CASH COLLATERAL AND REQUEST FOR AUTHORIZATION TO
<u>INCUR POSTPETITION FINANCING</u>**

      The final hearing on the *Motion of Debtors for Interim and Final Orders (A) Authorizing the Use of Cash Collateral Pursuant to Section 363(C) of the Bankruptcy Code; and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to use of Cash Collateral and Request for Authorization to Incur Postpetition Financing* [**P-9**] (the "DIP Motion")[1] came to be heard on November 27, 2007.

---

[1] All terms not defined herein shall have the same meaning as defined in the DIP Motion.

This Court has core jurisdiction over these Chapter 11 cases, the DIP Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The notice given by the Debtors of the DIP Motion and the Final Hearing constitutes due and sufficient notice thereof, and complies with sections 102(1), 363(c), 364(c) and 364(d) of the Bankruptcy Code and with Bankruptcy Rules 4001(b) and (c). In particular, notice has been given to Regions, the Putative Lienholders, the United States through the Department of Housing and Urban Development and the Parish of Jefferson, State of Louisiana.

Except to the extent modified hereunder, the findings of fact, conclusions of law and decretal provisions of the Interim Order shall remain in full force and effect.

The *Limited Objection to Motion of Debtors for Order Authorizing the Use of Cash Collateral and for Authorization to Incur Postpetition Financing* and *Regions Bank's Memorandum in Opposition to Debtors' Motion for Interim and Final Orders (A) Authorizing the Use of Cash Collateral and (B) Authorizing Postpetition Financing Secured by a Priority Mortgage* are overruled, and the DIP Motion is granted subject to the provisions of the Order.

In addition to the findings of fact and conclusions of law as stated by the Court on the record at the Interim Hearing and Final Hearing and the findings and conclusions as set forth in the Interim Order, the Court hereby makes the following additional findings of fact and conclusions of law:

(i) Good cause has been shown for the entry of this Order.

(ii) The Debtors have an immediate need for the Court to authorize the DIP Financing and use of Cash Collateral, if any, in order to permit, among other things, the repairing and rebuilding of its property to permit the continuation of business and

operations in the wake of Hurricane Katrina, to maintain business relationships with vendors, suppliers and customers, to make payroll and to satisfy other working capital and operational needs. The ability of the Debtors to obtain sufficient capital to repair and rebuild and reestablish its property and operations and to obtain sufficient working capital and liquidity through the use of Cash Collateral, incurrence of new indebtedness for borrowed money and other financial accommodations is vital to the preservation and maintenance of the going concern value of the Debtors and to a successful reorganization of the Debtors.

(iii)    The Debtors have been unable to obtain financing from sources other than First Bank on more favorable terms than under the DIP Term Sheet and DIP Financing (collectively, the "DIP Agreement") and is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense. The Debtors are also unable to obtain secured credit allowable under sections 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1) of the Bankruptcy Code without the Debtors granting to First Bank, subject to the Carve-Out as provided for herein, the DIP Liens and the Superpriority Claims (each as defined below) under the terms and conditions set forth in this Order and in the DIP Agreement. The terms of the DIP Agreement and the use of Cash Collateral, are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with its fiduciary duties, and constitute reasonably equivalent value and fair consideration.

(iv)    The DIP Agreement has been negotiated in good faith between the Debtors and First Bank, and all of the Debtors' obligations and indebtedness arising under, in respect of or in connection with the DIP Agreement, including without

limitation, (i) all loans made to the Debtors pursuant to the DIP Agreement, (ii) any other Obligations (as defined in the DIP Agreement) and (iii) any other obligations of the Debtor to First Bank hereunder or under the Interim Order, (all of the foregoing in clauses (i), (ii) and (iii) collectively, the "DIP Obligations"), have been extended by First Bank in good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise. This finding shall be applicable solely to the DIP Agreement authorized by this Order and shall not have any effect (preclusive or otherwise) with regard to any other matter or claim in these bankruptcy cases.

The Debtors have requested entry of this Order pursuant to Bankruptcy Rules 4001(b) and 4001(c). Absent entry of this Order, the Debtors' estates will be immediately and irreparably harmed. Consummation of the DIP Agreement and the use of Cash Collateral, if any, in accordance with this Order and the DIP Agreement is therefore in the best interest of the Debtors' estates.

New Orleans, Louisiana, December 13, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge